ARCH C. MCCOLL, III, appearing *pro hac vice*
Texas State Bar No. 13431800
MCCOLL & MCCOLLOCH
 2000 Thanksgiving Tower
 1601 Elm Street
 Dallas, Texas 75201
 Telephone: (214) 979-0999
 Facsimile: (214) 979-0001

GINA R. JOAQUIN, appearing *pro hac vice*
JOAQUIN & DUNCAN
 699 Airport Freeway, Suite 401
 Hurst, Texas 76053
 Telephone: (817) 282-9050
 Facsimile: (817) 282-9070

Attorneys for Plaintiff Claudia Marquez-Moreno

KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Acting Chief, Civil Division
JULIE A. ARBUCKLE (CSBN 193425)
Assistant United States Attorney
CHINHAYI COLEMAN (CSBN 194542)
Assistant United States Attorney
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-7200
 Facsimile: (415) 436-6748

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CLAUDIA MARQUEZ-MORENO, ) | **No. C 04-2074 PJH** |
| ) | |
|   Plaintiff, ) | **STIPULATION AND [PROPOSED]** |
| ) | **ORDER OF COMPROMISE** |
|   v. ) | **SETTLEMENT** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|   Defendant. ) | |
| _____ ) | |

STIPULATION AND [PROPOSED] ORDER OF COMPROMISE SETTLEMENT - CASE NO. C 04-2074 PJH   1

    IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that the above-captioned action brought pursuant to the Federal Tort Claims Act be (the "Action") be settled and compromised on the following terms:

    1. Defendant United States of America (the "United States") shall pay to Plaintiff Claudia Marquez-Moreno ("Plaintiff") and her counsel, McColl & McColloch, the sum of $125,000. The parties agree that this amount of $125,000 is in exchange for Plaintiff releasing and dismissing all claims for compensatory and special damages, emotional distress damages, past and future health care expenses, back pay, front pay, interest, attorneys' fees, costs, restitution, and any other form of legal or equitable recovery relating to or arising out of the incident between Plaintiff and Federal Bureau of Prisons ("BOP") former employee Carlos Rodarte on January 26, 2002, and/or any other acts, omissions, or events occurring while Plaintiff was in the custody of the BOP. The parties understand that this amount includes full satisfaction of all claims for attorney's fees and costs arising out of all stages of litigation, including, but not limited to, the processing of the Plaintiff's administrative and district court complaints in connection with the Action.

    2. Plaintiff will accept the terms described in paragraph 1 in full settlement and satisfaction of any and all claims and demands which she, her successors or assignees may now have or hereafter acquire against the United States, the BOP, Carlos Rodarte, and/or any of their past and present officials, agents, employees, attorneys, insurers, successors and/or assigns (collectively the "Released Parties").

    3. In consideration of this Agreement and the payment of the foregoing amount thereunder, Plaintiff agrees that upon the Court signing the Order below, her counsel will execute and return to the United States' counsel a Stipulation for Dismissal with prejudice of this entire Action consistent with the terms of this Agreement. The United States' counsel agrees not to file the Stipulation for Dismissal until she is notified that Plaintiff's counsel has received the settlement amount set forth in paragraph 1 above.

    4. Plaintiff agrees to cooperate with the United States in connection with taking whatever steps are necessary to obtain the dismissal with prejudice of any pending administrative

complaints or charges against the Released Parties.  Plaintiff agrees that she has not filed and will not file any other charges, complaints, lawsuits, or other claims against the Released Parties that relate to or arise out of the incident between Plaintiff and Federal Bureau of Prisons ("BOP") former employee Carlos Rodarte on January 26, 2002, and/or any other acts, omissions, or events occurring while Plaintiff was in the custody of the BOP.

    5.  Plaintiff hereby releases and forever discharges the Released Parties from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, or known or unknown, that relate to or arise out of the incident between Plaintiff and Federal Bureau of Prisons ("BOP") former employee Carlos Rodarte on January 26, 2002, and/or any other acts, omissions, or events occurring while Plaintiff was in the custody of the BOP.

    6.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff has been informed of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal or Texas law. Plaintiff understands that, if the facts concerning the claims released in this Agreement and the liability of the government for damages for such claims are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

    7.  This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party that arises out of the claims released and discharged herein.

    8.  This Agreement is a compromise settlement of disputed claims and demands, which settlement does not constitute an admission of liability or fault on the part of Defendants, the Released Parties on account of the events described in Plaintiff's complaints in this Action.

9. If any insurance carrier, hospital, doctor, medical facility, or other entity, has asserted or asserts in the future any claim(s), liabilities, damages, interest(s), or lien(s) of any kind and nature whatsoever arising out of the incident between Plaintiff and Federal Bureau of Prisons ("BOP") former employee Carlos Rodarte on January 26, 2002, any other acts, omissions, or events occurring while Plaintiff was in the custody of the BOP, this Action, and/or the settlement of this Action, Plaintiff shall be solely responsible for paying any such claim(s), liabilities, damages, interests, or liens, and shall indemnify and hold harmless the Released Parties from any liability incurred for such claim(s), liabilities, interests, damages, or liens.

10. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof.  Plaintiff will indemnify and hold harmless the Released Parties from any liability incurred from any government agency arising out of any failure by Plaintiff to pay for any liability she might incur from any government agency.  Plaintiff acknowledges that the Released Parties have made no representations as to any tax liability she may incur as a result of this settlement.

11. Plaintiff has been informed that payment may take up to thirty days to process from the date the Court signs the Order set forth below.  In order to ensure that payment is received within this time frame, Plaintiff agrees that the settlement amount set forth in paragraph 1 above may be electronically transferred to the trust account of her counsel, McColl & McColloch, and that her counsel will immediately provide the trust account name, routing number, bank account number, and bank name to the United States' counsel upon Plaintiff signing this Agreement.  The United States' counsel agrees that upon the Court signing the Order set forth below, she will immediately complete and submit by overnight delivery to the Department of Treasury Judgment Fund all forms necessary request that the settlement amount set forth in paragraph 1 above be paid to the trust account of Plaintiff's counsel within 30 days.

12. Plaintiff acknowledges and agrees that she has thoroughly reviewed the entire Agreement, has discussed its terms with her attorney, and understands its provisions.

13. The parties agree that should any dispute arise with respect to the implementation of the

terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

14. Each party hereby stipulates that she/it is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. It is acknowledged that the parties hereto have mutually participated in the preparation of this Agreement, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or his/its attorney.

15. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

16. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

Dated: October 10, 2005           _____/s/_____
                                  CLAUDIA MARQUEZ-MORENO
                                  Plaintiff

                                  KEVIN V. RYAN
                                  United States Attorney

Dated: October 11, 2005           _____/s/_____
                                  JULIE A. ARBUCKLE
                                  Assistant United States Attorney
                                  Attorneys for Defendant United States of America

Dated: October 7, 2005            Approved and Agreed by:

                                  _____/s/_____
                                  Arch C. McColl, III (Bar No. 13431800)
                                  Lead Attorney for Plaintiff Claudia Marquez-Moreno

1

**<u>ORDER</u>**

2    PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

DATED: 10/11/05

4                                    PHYLLIS J. HAMILTON
                                      United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28